UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Stephanie Carlson, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| London & London, Attorneys at Law; and DOES 1-10, inclusive, | COMPLAINT |
| Defendants. | |

For this Complaint, the Plaintiff, Stephanie Carlson, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Stephanie Carlson ("Plaintiff"), is an adult individual residing in New Britain, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

1

5.     Defendant, London & London, Attorneys at Law ("L&L"), is an unregistered Connecticut business entity with an address of 48 Christian Lane, Newington, Connecticut 06111, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by L&L and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     L&L at all times acted by and through one or more of the Collectors.

<u>ALLEGATIONS APPLICABLE TO ALL COUNTS</u>

A. <u>The Debt</u>

8.     The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor") in connection with a personal credit card account.

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to L&L for collection, or L&L was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. <u>L&L Engages in Harassment and Abusive Tactics</u>

12.     The Defendants sent the Plaintiff a validation notice to the Plaintiff

2

dated March 12, 2010 regarding collection of the Debt (the "Notice"). The Notice contained the following text:

> The above-captioned claim in the amount of $1,788.33 has been placed with our office for collection. Unless within thirty (30) days after receipt of this letter, (1) you exercise your rights as stated below, (2) said amount is paid to our office or (3) you contact our office to discuss an acceptable payment arrangement, we will seek authorization from our client to commence civil litigation, which may mean additional court costs to you. We trust that this action will not be necessary.
>
> Under federal law, you are entitled to certain notices. These notices are as follows:
>
> THIS COMMUNICATION IS FROM A DEBT COLLECTOR.   THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ALL INFORMATION OBTAINED WILL BE USED FOR SUCH PURPOSES.   UNLESS YOU NOTIFY US WITHIN THIRTY(30) DAYS AFTER RECEIPT OF THIS LETTER THAT YOU DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION OF IT, WE WILL ASSUME THAT THE DEBT IS VALID.   IF WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS LETTER YOU NOTIFY US IN WRITING THAT YOU DO DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, WE WILL OBTAIN AND MAIL YOU VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU.   ALSO, UPON YOUR WRITTEN REQUEST WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS LETTER, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.

13.    The demand for payment in the notice, the demand that the Plaintiff contact the Defendants within 30 days, and the statement that Defendants will seek authorization to commence litigation within 30 days of the Plaintiff's receipt of the notice, which would result in additional costs to Plaintiff, individually and together overshadow and contradict the language of mandatory 30-day validation provisions contained with the last paragraph quoted above.

14.    The Defendants contacted the Plaintiff's father, a third party, in reference to the Debt.

15.    The Plaintiff's father informed the Defendants that the Plaintiff did not live at his address and instructed the Defendants to stop contacting him.  The Defendants however, continued to contact the third party.

16.    The Defendants did not verify the Plaintiff's address or contact information.

17.     During his conversations with the Defendants, the Plaintiff's father asked the Defendants for their telephone number to forward to his daughter. The Defendants however, disconnected the call and continued to call the third party.

18.     During their conversations with the Plaintiff, the Defendants used rude and abusive language.

19.     The Plaintiff notified the Defendants over the phone that she was disputing the Debt. The Defendants however, did not provide the Plaintiff with any further information. The Defendants also continued their collection practices.

### C. Plaintiff Suffered Actual Damages

20.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

23.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

25.     The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

26.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been validated.

29.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendants' violations.


## COUNT II

## VIOLATIONS OF THE CONNECTICUT CREDITORS' COLLECTION PRACTICES ACT, Conn. Gen. Stat. § 36a-645, et seq.

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5

32.     The Plaintiff is a "consumer-debtor" as defined by Conn. Gen. Stat. § 36a-800(2).

33.     The Defendants are a "consumer collection agency" as defined by Conn. Gen. Stat. § 36a-800(1).

34.     The Defendants engaged in deceptive practices to collect the Debt in violation of Conn. Gen. Stat. § 36a-806.

35.     The Plaintiff is entitled to damages as a result of the Defendant's violations.


## COUNT III

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.

36.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

38.     The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

39.     The Plaintiff is entitled to damages as a result of the Defendants' violations.


## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

6

41.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

42.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Connecticut.

43.     All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and

intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: June 10, 2010

Respectfully submitted,

By

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorney for Plaintiff